## HIRSCH v. UNITED STATES.
### No. 11139.
United States Court of Appeals
Sixth Circuit.

Feb. 2, 1951.

Lewis R. Donelson, III, Memphis, Tenn., (Lewis R. Donelson, III, on the brief; Harry W. Wellford, Snowden, Davis, McCloy, Donelson & Myar, Memphis, Tenn., of counsel), for appellant.

Edward Zimmerman, Washington, D.C. (Theron Lamar Caudle, Ellis N. Slack, Edward J. P. Zimmerman, Washington, D. C., John Brown, U.S. Atty., Memphis, Tenn., on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

HICKS, Chief Judge.

Appellant sought a recovery against appellee for income taxes paid by him for the years 1943 and 1944. On May 13, 1949 the district court rendered judgment in his favor and against the United States in the sum of $8,186.07, plus interest.

■ On July 11, 1949 the Government appealed from this judgment. The appeal was properly taken by filing with the district court a notice thereof. Rule 73(a), Rules of Civil Procedure, 28 U.S.C.A. On August 17, 1949, the district court granted appellee an extension of fifty days from August 19, 1949 to docket the record here. On October 7, 1949 we granted a further extension of forty-five days, and on October, 22, 1949, we granted a still further extension of fifteen days. These extensions did not affect the validity of the appeal. Rule 73(a), Rules of Civil Procedure. However, during the pendency of the appeal, on September 23, 1949, appellee entered a motion in the district court to be relieved from the final judgment rendered against it, on the ground that the judgment was taken through oversight, mistake and inadvertence, and to correct said erroneous judgment by striking out the figures. $8,186.07 and inserting in lieu thereof the correct amount $4,501.58, plus interest.

Upon the hearing of this motion the court concluded that notwithstanding the appeal it had the right to correct the judgment.

The vulnerable part of the order appealed from is found in the following excerpt: "* * * The defendant has produced and filed as exhibits to its motion a certified transcript of payments made to the Government on this tax and has further produced and filed as exhibits to its motion its computation of tax, from all of which it appears that the amount in controversy is Two Thousand and One Hundred Twenty-Nine Dollars and Forty-Eight Cents ($2,129.48) which plaintiff contends was paid and which defendant denies, and said amount does not show paid on exhibits filed by the Government above referred to. The Court is of the opinion that it is obligatory upon the plaintiff to prove payment of tax and overpayment of tax, and that Plaintiff has failed in this respect regarding the amount in controversy. * * *" (Italics ours).

■ From our viewpoint Rule 60(a) is not applicable to the situation existing here. Subsection (a) of Rule 60 provides for the

correction of clerical mistakes in judgments. But we are dealing with something other than clerical mistakes. We are confronted with the clear adjudication upon consideration of new evidence of the issue whether the taxpayer had really paid the Government the full amount he had sued to recover and which was included in the original judgment in his favor. The judgment in controversy was rendered on November 23, 1949 while the Government's appeal was pending and from it the taxpayer appealed.

We go no further than to say that the district court was without authority to enter the order appealed from while we had jurisdiction of the Government's prior appeal. It results that the case is remanded to the district court with directions to set aside its order and judgment of November 23, 1949 as void and invalid. The subsequent dismissal in this court of the Government's prior appeal on April 21, 1950 did not render valid that which was invalid; but it appearing that the Government's appeal is no longer pending, it may consider whether it may yet have a remedy under Rule 60 (b) or under any of the clauses thereof, or any other remedy.

A motion is pending to tax the costs of printing the record to appellee. This is denied. Under Rule 29(4) costs in this court are not allowed against the United States.

Remanded.