William H. KEOHANE, Plaintiff-Appellant,

v.

SWARCO, INC., Amerace, Inc., Morton G. Nussbaum, Fred C. Ward, Joseph Halberstein, William C. Loughley and Herbert Loewy, Defendants-Appellees (two cases).

Nos. 15284, 15334.

United States Court of Appeals
Sixth Circuit.

Aug. 5, 1963.

---

5. Cf. 28 U.S.C. § 2680(a), supra.

Sidney D. L. Jackson (of Baker, Hostetler & Patterson), Cleveland, Ohio, for appellant.

George M. Austin, Cleveland, Ohio (George M. Austin, Harry C. Nester, Dennis C. Cronin, Cleveland, Ohio, on the brief; Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, of counsel), for appellees.

Before MILLER and WEICK, Circuit Judges, and FOX, District Judge.

WEICK, Circuit Judge.

Both of these appeals are from orders entered by the District Court in the same case. Appellees have moved to dismiss the appeal in No. 15,284 because it was prematurely filed and to dismiss the appeal in No. 15,334 because it was not timely filed.

The motion to dismiss in No. 15,284 was based upon the following original papers and docket entries:

November 27, 1962—Memorandum opinion

November 30, 1962—Order dismissing complaint

December 10, 1962—Service by mail on defendants' counsel of plaintiff's motion for amended and additional findings of fact.

December 11, 1962—Motion for amended and additional findings of fact filed.

Rule 73(a) of the Federal Rules of Civil Procedure provides for the taking of an appeal 30 days from the entry of the judgment appealed from. It further provides that the "running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * *; granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, * *."

Rule 52(b) provides in part as follows:

"Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59."

Rule 59(b) provides:

"(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

Rule 59(e) provides:

"(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

Rule 5(b) provides that service by mail is complete upon mailing.

Rule 5(d) provides:

"(d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter."

It will be noted from an examination of the docket entries that service of the motion to amend was made within the 10 day period required by Rule 52(b). The motion to amend, however, was not filed with the Clerk until the following day which was 11 days after the entry of the judgment.

Appellant was apprehensive whether its motion to amend was timely made un-

der Rule 52(b) on account of the filing of the motion 11 days after the judgment and as a precautionary measure filed its notice of appeal on December 28, 1962 which was within 30 days from the entry of the judgment dismissing the complaint.

Appellees contend that the motion to amend was timely made and the appeal, therefore, premature. It is their position that service of the motion is making the motion under Rule 52(b) and that under Rule 5(d) it need be filed only within a reasonable time after service. They argue that one day is certainly a reasonable time.

To complicate matters further, proceedings took place in the District Court after the appeal had been taken. On January 16, 1963, the District Court entered an order overruling plaintiff's motion for amended and additional findings of fact. On March 6th the District Court entered a supplemental order which indicated that the motion had been overruled because not timely made. On March 14, 1963, the District Court entered an order vacating the orders of January 16th and March 6th and overruled the motion for amended and additional findings of fact on the ground that the motion was not timely made under Rule 52(b). On March 15, 1963, plaintiff filed its second notice of appeal which is Case No. 15,334.

In their motion to dismiss the appeal in No. 15,334, appellees contend that the second notice of appeal should have been filed within 30 days from January 16, 1963; that the District Court was without jurisdiction to enter the orders of March 6th and March 14th because an appeal had been taken in No. 15,284; that the District Judge was without power to extend the time for taking an appeal provided for by the Rules.

It is apparent from the foregoing that the District Judge and the appellant were both of the view that the motion for amended and additional findings was not timely made. In his subsequent orders, the District Judge stated that as the reason why he overruled the motion to amend. He had not considered the motion to amend on its merits.

In urging that the motion to dismiss be denied, appellant takes the position that in order for a motion to be "made" under Rule 52(b) it must be served and filed within the 10 day period. But Rule 5(d) grants a reasonable time after service to file the motion. There would not be much reason to have Rule 5(d) if the papers had to be both served and filed within the 10 day period.

In the 1937 preliminary draft of the Federal Rules of Civil Procedure proposed Rule 5(b) in part provided:

"When a time is prescribed for the service of a pleading or other paper, it shall be filed with the court as well as served within that time."

This proposed rule was rejected. 2 Moore's Federal Practice Par. 5.10, p. 1352.

Moreover, Rule 52(b) provides that the motion to amend may be made with a motion for a new trial pursuant to Rule 59. Rule 59 provides for service of the motion for a new trial not later than 10 days after judgment.

In 5 Moore's Federal Practice on page 2680 the author states:

"Hence the motion under Rule 52 (b) just as the motion for a new trial under Rule 59 which may be joined with it, must be served[6] not later than 10 days after the entry of judgment.

[6]. Although Rule 52(b) refers to a motion of a party 'made,' while Rule 59 (b) and (d) refer to a motion 'served,' there is no difference in effect, since a motion is 'made' by causing it to be served."

Professor Moore cites no cases to support the statement in the footnote. The only federal case which appellees cite construing the word "made" is Thierfeld v. Postman's Fifth Avenue Corp., 37 F. Supp. 958, 960 (S.D.N.Y.) where the court said:

"Defendants urge that these motions [motions to strike] are not timely, and must be denied. The

contention is that, pursuant to Federal Rules of Civil Procedure, rule 12 (f), 28 U.S.C.A. following section 723(c), the motion must be 'made' within 20 days after the service of the pleading to which it is addressed, and that 'made' means actually presented to the court. I do not agree with defendants. Rule 12(a), F.R. C.P. provides that 'service' of a motion automatically extends time for the service of any responsive pleading. Service here was on the 20th day and therefore timely."

Some of the Rules are geared specifically to a filing requirement. See Rule 3 (filing a complaint), Rule 41(a) (1) (filing notice of dismissal), Rule 73(a) (filing notice of appeal). Rule 5(a) requires service of every pleading subsequent to the complaint, including motions and other papers. 2 Moore's Federal Practice Par. 5.04, p. 1333.

Appellees rely heavily on Reliance Life Insurance Co. v. Burgess, 112 F.2d 234 (CA 8). The critical dates in that case were as follows: Thursday, July 27, 1939 on which day the judgment was entered. The motions for a new trial and judgment notwithstanding the verdict were served on Saturday, August 5, 1939 which was the ninth day. They were filed with the Clerk on Monday, August 7th. Since Sunday was excluded under Rule 6(a) the motions were all served and filed within the 10 day period.

While the case contains language helpful to appellees it was not necessary for the decision.

■ In our judgment, the motion to amend was timely made. It tolled the running of the time for appeal in No. 15,284. Rule 73; Leishman v. Associate Wholesale Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714; United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160. Since the District Court had not passed upon the motion to amend at the time the notice of appeal was filed, the judgment of dismissal was not final. The appeal was, therefore, premature. Reconstruction Finance Corp. v. Mouat, 184 F.2d 44 (CA 9); Segundo v. United States, 221 F.2d 296 (CA 9).

■ The taking of the appeal even though from an interlocutory nonappealable order nevertheless transferred jurisdiction to the Court of Appeals. The orders entered by the District Court on January 16th, March 6th and March 14, 1963 were null and void since that court was without jurisdiction to make them after the appeal had been taken. Merritt-Chapman & Scott Corp. v. City of Seattle, 281 F.2d 896 (CA 9); United States v. Frank B. Killian Co., 269 F.2d 491 (CA 6); Hirsch v. United States, 186 F.2d 524 (CA 6).

Professor Moore states that where a premature appeal has been taken careful practice suggests perfecting another appeal within the time limited by law. The trouble here is that the second appeal was not timely. Where the second appeal has not been taken Professor Moore says:

"But in the event that it is not, the premature appeal should now be effective to the extent that the appellant may secure review of so much of the original judgment, from which he took the premature appeal, as remains after the district court has disposed of the motion under Rule 52 (b)." 5 Moore's Federal Practice, p. 2689.

A decision of this case by our Court on the merits ought not to be avoided on the basis of such technicalities. Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222.

■ Under the circumstances, we are of the opinion that we have jurisdiction to review the judgment dismissing the complaint without consideration of the motion to amend. The making of the motion to amend was not a prerequisite to appellate review. 5 Moore's Federal Practice, Par. 52.11 [4].

In the event counsel desires consideration to be given of the motion to amend, leave is granted to the District Court to

determine the motion on its merits and certify its ruling in a supplemental record.

The motion to dismiss is denied in No. 15,284 and granted in No. 15,334.