**Emerson EMORY, Appellant,**

v.

**SECRETARY OF the NAVY.**

No. 85–5685.

United States Court of Appeals,
District of Columbia Circuit.

May 19, 1987.

Emerson Emory, pro se.

Sherman Cohn, Washington, D.C., appointed by the Court, was on the brief as amicus curiae.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Eileen M. Houghton, Asst. U.S. Attys., Washington, D.C., were on appellee's motion for summary affirmance.

Before BORK, SILBERMAN and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

### ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

Appellant Emerson Emory has appealed the dismissal of his complaint by the district court. Emory had filed suit seeking declaratory and injunctive relief for alleged discrimination that resulted in his nonselection for promotion to the rank of rear admiral in the United States Naval Reserve. The district court dismissed the complaint for want of subject matter jurisdiction. We hold that the district court has jurisdiction to consider Emory's claims. Accordingly, we reverse.

Emory was an ensign in the Medical Corps of the United States Naval Reserves beginning in 1949. He remained on active duty as a reserve officer from that time until his voluntary retirement in 1980.[1] In the interim, he was promoted in the normal

---

1. Emory's voluntary retirement may have been induced, in part, by his conviction and sentence in a federal district court to twelve years in prison. Had Emory not voluntarily retired, he would have been liable to an involuntary separation proceeding as a result of his conviction.

sequence to the rank of captain, obtaining that status in 1972. Thereafter he was considered, but not selected, for promotion to the rank of rear admiral by selection boards meeting in January of 1977, 1978, 1979, and in October of 1979. During the period 1977–1979, Emory was eligible for promotion to the rank of rear admiral. Emory was not, however, in what is known as the "primary promotion zone." Because Emory was "below the zone" during the years in question, a promotion selection board would have had to consider him to be one of a select group of especially well qualified applicants to recommend him for promotion. Emory would have been in the "primary zone" for the first time in 1980. Prior to the next duly convened rear admiral promotion selection board, however, Emory was transferred at his request to the Retired Reserve List. He was therefore not considered for promotion after October, 1979.

In August, 1983, after exhausting his administrative remedies, Emory filed this action in the district court alleging that his failure to advance to the rank of rear admiral was due to racial discrimination within the Navy. Specifically, Emory alleged that the failure to include a black officer on the promotion selection boards resulted in his not being promoted. He sought a declaratory judgment that the Navy had violated his rights under the law and Constitution, a preliminary injunction requiring appellee to promote him immediately to the rank of rear admiral retroactive to July 1, 1978, and such other relief as the court deemed appropriate. Emory waived any back pay entitlement he might have had. He alleged that the court had jurisdiction to order the relief sought under the fifth and fourteenth amendments to the Constitution and under 28 U.S.C. §§ 1331, 1343 (1982).

On July 20, 1984, the district court granted appellee's motion to dismiss, finding

that the case was nonjusticiable because "it is not capable of resolution through the judicial process without interference into areas reserved to other branches of government." The court reasoned that because promotion under 10 U.S.C. § 5912 (1982) [2] is a matter reserved to the legislative and executive branches of government, the court did not have the power to order a retroactive promotion.

Moreover, the court concluded that even if Emory's claims were meritorious, in order even to be considered for promotion, Emory had to be on active status. 10 U.S.C. § 5891(a) (1982). The court stated that "[t]here is no basis for the court to order plaintiff reinstated to active status pending final disposition of his claim because his inactive status was not involuntarily imposed upon him and it was not a result of the alleged wrongs." Thus, the court concluded that Emory's decision voluntarily to retire made his claim for promotion moot. With respect to Emory's request for declaratory relief, the court ruled that such relief was "inappropriate" on a claim that has become moot.

## I

We note at the outset that the notice of appeal in this case was timely filed.[3] Federal Rule of Appellate Procedure 4(a)(1) provides that in a civil case in which the United States is a party, a notice of appeal must be filed within sixty days of entry of the judgment. Fed.R.App.P. 4(a)(1). Subsection (4) of that rule provides, however, that this time period may be tolled if a party files a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that such a motion must be "served not later than 10 days after the entry of judgment." District courts are not empowered to extend the ten day time limitation. *See*

---

**2.** 10 U.S.C. § 5912 provides:

Permanent and temporary appointments under this chapter in grades above lieutenant commander in the Naval Reserve and in grades above major in the Marine Corps Reserve shall be made by the President, by and with the advice and consent of the Senate.

All other permanent and temporary appointments under this chapter shall be made by the President alone.

**3.** We acknowledge with appreciation the substantial contribution of *Amicus,* Professor Sherman Cohn, to the resolution of this issue.

*Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n,* 781 F.2d 935, 941 (D.C.Cir.1986).

Courts have routinely construed papers captioned "motion to reconsider" as a motion to alter or amend the judgment under Rule 59(e). *See Fischer v. United States Dept. of Justice,* 759 F.2d 461, 464–65, n. 4 (5th Cir.1985); *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 41 (2d Cir.1982). Such treatment is appropriate even though the movant does not specify under which rule relief is sought, because "[a]ny motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label." 9 *Moore's Federal Practice* ¶ 204.12[1] at 4–67 (1987). Parties may reasonably rely, however, only upon a timely Rule 59(e) motion to reconsider as a basis for delaying the filing of their notice of appeal. *See Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n,* 781 F.2d at 942.

In this case, the district court's judgment was entered on July 20, 1984.[4] Emory's notice of appeal was filed on May 16, 1985, well beyond the sixty-day appeal period. When this case was last before us, we were concerned that a motion to reconsider, filed by Emory on August 6, 1984, did not toll the appeal period because it was filed beyond the ten days allowed by Rule 59(e). We are now satisfied that although the motion was not filed within the prescribed ten day period, it was served during that time. That being the case, the motion, and hence, the notice of appeal, are timely.

Briefly, Fed.R.App.P. 4(a)(4) contains two distinct requirements. First, that the motion relied upon to toll the appeal period be "filed" in the district court, and second, that it be a "timely motion." A "timely motion" under Fed.R.Civ.P. 59(e) is one that is served not later than 10 days after entry of judgment. *Keohane v. Swarco, Inc.,* 320 F.2d 429, 430–32 (6th Cir.1963).

Thus, Rule 4(a)(4) is satisfied if the motion is served not later than ten days after the entry of judgment, and if the motion is "filed", which under Fed.R.Civ.P. 5(d), can occur "within a reasonable time [after service]." *Id.* If Emory perfected service of his Rule 59(e) motion by mailing[5] it to the United States Attorney within ten days after entry of the July 20, 1984 judgment, and the motion was filed within a reasonable time thereafter, the motion and his subsequent appeal were timely. *Interstate Commerce Comm'n v. Carpenter,* 648 F.2d 919 (3d Cir.1981).

■ Emory's Rule 59(e) motion was dated July 27, 1984, seven days after judgment. In addition, Emory submitted an affidavit together with his supplemental brief to this court in which he avers that the motion was indeed mailed that day. It is true, as noted by the government, that the text of the Certificate of Service does not indicate the date of service. In light of the fact that Emory is proceeding *pro se,* however, it would seem hypertechnical at best to conclude that the date of service cannot be determined because the date appears slightly above the certificate, rather than in the text of the certificate itself. In light of these facts, we conclude that the Rule 59(e) motion, and hence, the notice of appeal, were timely filed.

## II

Emory alleged that there were no minority members on the selection boards that considered him for promotion. He also alleged that he was discriminated against by the selection boards because of his race. He sought a preliminary injunction requiring appellee retroactively to promote him to the rank of rear admiral, and a declaratory judgment that appellee had violated his statutory and constitutional rights.

Generally, courts have shown an extreme reluctance to interfere with the military's exercise of its discretion over internal

---

**4.** The order of July 20, 1984, satisfies the procedural requirements for the entry of judgment established by this court in *Diamond v. McKenzie,* 770 F.2d 225, 230 n. 10 (D.C.Cir.1985). The order stated the judgment of the district court on a separate document, and was entered by the Clerk of the court on the civil docket.

**5.** Fed.R.Civ.P. 5(b) provides that "[s]ervice by mail is complete upon mailing."

management matters. *See, e.g., Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 539–40, 97 L.Ed. 842 (1953); *Reaves v. Ainsworth,* 219 U.S. 296, 306 (1911). This deference is "at its highest when the military, pursuant to its own regulations, effects personnel changes through the promotion or discharge process." *Dilley v. Alexander,* 603 F.2d 914, 920 (D.C.Cir. 1979), *clarified,* 627 F.2d 407 (D.C.Cir. 1980).

Here, Congress has enacted legislation that details the procedures for the promotion of officers in the Naval Reserves and, as pointed out by the district court, the courts have no role in this process. *See* 10 U.S.C. § 5891 *et seq.* (1982). The selection and promotion process has been specifically reserved to the executive and legislative branches of government. The promotion selection board must first recommend Emory for promotion. The President must then nominate Emory to the Senate, and upon Senate confirmation, appoint him to his new rank. 10 U.S.C. § 5912. The district court was clearly correct in concluding that it cannot intervene in this process and order Emory promoted retroactively to the rank of admiral.

To so conclude, however, is not to say that there is an absence of subject matter jurisdiction over Emory's constitutional claims. We have no quarrel with the district court's conclusion that the operation of the military is vested in Congress and the Executive, and that it is not for the courts to establish the composition of the armed forces. But constitutional questions that arise out of military decisions regarding the composition of the armed forces are not committed to the other coordinate branches of government. Where it is alleged, as it is here, that the armed forces have trenched upon constitutionally guaranteed rights through the promotion and selection process, the courts are not powerless to act. The military has not been exempted from constitutional provisions that protect the rights of individuals. *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). It is precisely the role of the courts to determine whether those rights have been violated. *Dillard v. Brown,* 652 F.2d 316, 320 (3d Cir.1981).

We note that Emory's current inactive status is not a bar to the district court fashioning some relief if it determines that his claims are indeed meritorious. *See Dilley v. Alexander,* 603 F.2d at 925. In *Dilley,* suit was brought by Army Reserve officers who had been released from active duty because they had twice been passed over for promotion. The officers complained that the promotion selection boards were in violation of applicable statutes and regulations because they did not include an appropriate number of reserve officers. Judge MacKinnon, writing for this court, concluded that the officers were entitled to be reinstated to active duty and to be considered again by promotion selection boards constituted in accordance with applicable statutes and regulations. *Id.* at 916. Unlike the appellants in *Dilley,* Emory voluntarily chose to remove himself from active status. That fact, however, does not affect the justiciability of claimed constitutional violations that preceded his decision to retire.

We express no view on the merits of Emory's claims. We simply hold that dismissal of his complaint for want of subject matter jurisdiction was error. Accordingly, we reverse and remand the case to the district court for further proceedings consistent with this opinion.