See also 141 B.R. 635.

---

**In re PIONEER INVESTMENT SERVICES COMPANY a/k/a Premiere Restaurant Investment, Debtor.**

**PIONEER INVESTMENT SERVICES COMPANY, Plaintiff,**

v.

**THE CAIN PARTNERSHIP, LTD., The General Partner of Cain, Inc., Larry E. Parrish, Geneva Cain Anderson, Helen Cain Harkins, Jeannie B. Cain Corum Miller, and the Lillie Mae Cain Testamentary Trust, through First Tennessee Bank National Association, Successor Trustee, Defendants,**

**First Tennessee Bank National Association, Intervenor.**

**Bankruptcy No. 3–89–01058.**

United States Bankruptcy Court, E.D. Tennessee.

March 25, 1993.

Riker, Danzig, Scherer, Hyland & Perretti, Craig J. Donaldson, Morristown, NJ, Kennerly, Montgomery & Finley, P.C., G. Wendell Thomas, Jr., Knoxville, TN, for plaintiff.

Sherrard & Roe, William J. Harbison, Nashville, TN, for defendants, The Cain Partnership, Ltd., The General Partner of Cain, Inc., and Larry E. Parrish.

Bass, Berry & Sims, Lawrence R. Ahern, E. Bruce Foster, Knoxville, TN, for the Lillie Mae Cain Testamentary Trust, through First Tennessee Bank Nat. Ass'n, Successor Trustee.

*MEMORANDUM ON PLAINTIFF'S MOTION TO VACATE ORDER DENYING MOTION TO AMEND FINDINGS*

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it a motion filed by the plaintiff, Pioneer Investment Services Company (Pioneer), on March 5, 1993, entitled "Motion Of Pioneer Investment Services Company To Vacate Order Of February 25, 1993 Denying Motion To Amend Findings And To Make Additional Findings" (Motion To Vacate). By the Motion To Vacate, Pioneer asks the court to vacate the Order entered on February 25, 1993, denying its "Motion Of Pioneer Investment Services Company To Amend Findings And To Make Additional Findings" (Motion To

Amend) filed February 12, 1993, as untimely.

The following events preceded the filing of Pioneer's Motion To Vacate:

1. On February 1, 1993, subsequent to a bench trial, the court filed a Memorandum and entered a Judgment dismissing the Complaint commencing this adversary proceeding filed by Pioneer on November 20, 1991, as amended on June 10, 1992.

2. On February 12, 1993, Pioneer filed its Motion To Amend pursuant to Fed.R.Civ.P. 52(b), incorporated into Fed.R.Bankr.P. 7052, requesting the court to amend the findings set forth in its February 1, 1993 Memorandum and to make additional findings.

3. On February 25, 1993, the court entered the Order denying Pioneer's Motion To Amend as untimely.

4. On March 5, 1993, Pioneer filed its Motion To Vacate, requesting the court to vacate the February 25, 1993 Order denying its Motion To Amend and to consider and dispose of the Motion To Amend on the merits.

For reasons hereinafter discussed, Pioneer's Motion To Vacate must be denied.

The February 25, 1993 Order denying Pioneer's Motion To Amend was grounded upon Pioneer's failure to timely file the Motion To Amend within the ten (10) days required by Fed.R.Civ.P. 52(b).[1] In its Motion To Vacate, Pioneer contends, correctly, that the Motion To Amend contains a certificate of service showing that it was mailed to counsel for the defendants on February 11, 1993. Pioneer argues that Fed.R.Civ.P. 5(b), incorporated into Fed.R.Bankr.P. 7005, which provides that "[s]ervice by mail is complete upon mailing," when read in conjunction with Fed.R.Civ.P. 5(d), which provides that "[a]ll papers after the complaint required to be served upon a party, together with a certif-

icate of service, shall be filed with the court within a reasonable time after service," establishes that its Motion To Vacate was, in fact, "made," as required by Rule 52(b), within ten (10) days. Pioneer, under the authority of the Sixth Circuit's decision in *Keohane v. Swarco, Inc.*, 320 F.2d 429 (6th Cir.1962), contends that a motion for amended and additional findings is timely under Rule 52(b) when served within ten (10) days after entry of the judgment, notwithstanding that the motion is not filed until after the ten (10) days.

Indeed, the Sixth Circuit in *Keohane* held that the ten-day requirement under Rule 52(b), when applied to an appealable order entered by the district court, is satisfied on the basis of service alone. The same result, however, cannot be reached when the appealable order is one entered by the bankruptcy court.

■ Rule 52(b) cannot be read in isolation. A Rule 52(b) motion is integral to the appeal process in that, if timely filed, it tolls the time within which a notice of appeal must be filed. Thus, when confronted with an appealable order entered by the bankruptcy court, Rule 52(b) must be read and construed within the framework of Fed.R.Bankr.P. 8002. Bankruptcy Rule 8002 governs the time for filing a notice of appeal from a final order or judgment of the bankruptcy judge. As is hereinafter discussed, to apply *Keohane* to an appealable order entered by the bankruptcy court produces an incongruous and impossible result.

*Keohane* involved appeals from two orders entered by the United States District Court for the Northern District of Ohio. It was decided in conjunction with former Rule 73(a) of the Federal Rules of Civil Procedure, which provided for the taking of an appeal thirty (30) days from entry of the district court order or judgment appeal-

---

**1.** Rule 52(b) provides that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the

judgment accordingly." The Judgment dismissing Pioneer's Complaint was entered on February 1, 1993. The Motion To Amend was filed on

ed from.[2]  Rule 73(a) also provided in material part that the

> running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rule: ... granting or denying a motion under Rule 52(b) to amend or make additional findings of fact....[3]

The facts giving rise to the Sixth Circuit's decision in *Keohane* are germane to the issues raised by Pioneer in its Motion To Vacate.  These facts are: on November 30, 1962, the district court entered an order dismissing the plaintiff's complaint; on December 10, 1962, the plaintiff, by mail, served the defendant's counsel with a motion for amended and additional findings; on December 11, 1962, the plaintiff filed his motion for amended and additional findings; and on December 28, 1962, the plaintiff, concerned that his motion to amend was untimely under Rule 52(b) on account of its filing eleven (11) days after entry of the order dismissing his complaint, filed a notice of appeal.  The defendants, contending that the motion to amend was timely filed, moved to dismiss the appeal as premature.  The Sixth Circuit concluded that as service of the motion to amend was made within ten (10) days after entry of the dismissal order, the motion was timely under Rule 52(b) and thus the thirty-day appeal time under former Rule 73(a) was tolled and the plaintiff's appeal was accordingly premature.[4]

In determining that service of the motion to amend rather than the filing of the motion was the decisive factor on the issue of when the motion was "made" under Rule 52(b), the court reached three conclusions: (1) Rule 52(b) does not require that the motion to amend be "filed" within ten (10) days; (2) Rule 52(b), which provides that the motion to amend may be made with a motion for a new trial pursuant to Fed. R.Civ.P. 59, is to be read in conjunction with Rule 59(b), which states that the motion for a new trial shall be "served" not later than ten (10) days after the entry of the judgment; and (3) there would not be much reason to have Rule 5(d), which grants a "reasonable time after service" to file the motion, if the Rule 52(b) motion must be both served and filed within the ten-day period.  *Keohane*, 320 F.2d at 430–31.  Thus, the court interpreted the word "made" under Rule 52(b) as synonymous with the word "served" under Rule 59(b).  The court noted, however, that other rules are geared specifically to a filing requirement, rather than a service requirement.[5] *Id.* at 432.

The *Keohane* construction of Rule 52(b) can only be made in conjunction with former Rule 73(a) of the Federal Rules of Civil Procedure and its present day successor, Rule 4(a) of the Federal Rules of Appellate Procedure.  It cannot be made in conjunction with Bankruptcy Rule 8002.

Fed.R.App.P. 4(a)(1) provides for the filing of a notice of appeal with the clerk of the district court "within 30 days after the date of entry of the order or judgment appealed from."  However, Fed.R.App.P. 4(a)(4) provides that "[i]f a timely motion under the Federal Rules of Civil Procedure

February 12, 1993, eleven (11) days after entry of the Judgment.

**2.**  Former Rule 73(a) has been superseded by Rule 4(a) of the Federal Rules of Appellate Procedure.  This Rule, at paragraph (1), also provides for the filing of a notice of appeal within thirty (30) days after the entry of the district court order or judgment appealed from.

**3.**  This tolling provision is perpetuated in Fed. R.App.P. 4(a)(4).

**4.**  Notwithstanding this determination, the court, stating that "[t]he making of the motion to

amend was not a prerequisite to appellate review," nonetheless assumed jurisdiction to review the order dismissing the complaint without consideration of the motion to amend.  320 F.2d at 432.

**5.**  Within the category of rules requiring filing, the court referenced Rule 3 (filing a complaint); Rule 41(a)(1) (filing a notice of dismissal); and former Rule 73(a) (filing a notice of appeal).  These rules, in their current form, still include a filing requirement.

is filed in the district court by any party: ... under Rule 52(b) to amend or make additional findings of fact ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion." *Keohane* holds that the thirty-day appeal time is tolled by service of a motion to amend findings under Rule 52(b) within ten (10) days after entry of the judgment provided the motion is filed, as provided in Rule 5(d), "within a reasonable time after service." A motion to amend served within the ten (10) days and filed on the eleventh day is, under *Keohane*, timely. This result can be accommodated because of the thirty-day appeal time under Fed. R.App.P. 4(a)(1). If the motion to amend is served within the ten (10) days, notwithstanding that it is not filed until the eleventh day, the thirty-day appeal period is not impacted. The motion can thus be considered timely filed under Fed.R.App.P. 4(a)(4). The Bankruptcy Rules are not so flexible.

Bankruptcy Rule 8001(a) provides in material part:

> An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by *filing* a notice of appeal with the clerk *within the time allowed by Rule 8002.*

Fed.R.Bankr.P. 8001(a) (emphasis added).

Bankruptcy Rule 8002 provides in material part:

> **(a) TEN–DAY PERIOD.** The notice of appeal *shall be filed* with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. . . .
>
> **(b) EFFECT OF MOTION ON TIME FOR APPEAL.** If a *timely* motion is *filed* by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, the time

for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Fed.R.Bankr.P. 8002 (emphasis added).

The Sixth Circuit has held that former Bankruptcy Rule 802(a), the predecessor to Bankruptcy Rule 8002(a), is jurisdictional and that "a district court lacks jurisdiction over an appeal that is not timely filed. . . ." *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 (6th Cir.1982) (citations omitted).[6] *Accord, In re Abdallah*, 778 F.2d 75, 77 (1st Cir.1985), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3rd Cir.1985); *Matter of Ramsey*, 612 F.2d 1220, 1221–22 (9th Cir.1980). The court further held that "the filing date, not the mailing date, determines whether an appeal is timely filed." *Cadiz*, 684 F.2d at 413. Thus, to be timely under Bankruptcy Rule 8002(a), a notice of appeal must be "filed" within ten (10) days after entry of the order appealed from. If a notice of appeal is not filed within ten (10) days, the judgment of the bankruptcy court becomes final and unappealable. *Id.* at 412.

Bankruptcy Rule 8002(b), in identifying Rule 52(b) as one of those motions which serves to toll the ten-day appeal time under Bankruptcy Rule 8002(a), does not use the words "made" or "served." Rather, it provides that the ten-day appeal time is tolled when a "timely motion is *filed.*" (emphasis added). Given the jurisdictional nature of Bankruptcy Rule 8002(a), this court can reach no other conclusion but that the Rule 52(b) motion to amend findings, to be timely, must, as is required by Bankruptcy Rule 8002(b), be "filed" prior to expiration of the ten-day appeal period. The filing of a Rule 52(b) motion to amend on the eleventh day, notwithstanding that service may have been accomplished within the ten-day period, simply does not comply with the dictates of Bankruptcy Rule 8002(b) that the motion, to toll the ten-day appeal time un-

---

**6.** As material to the issue presently before the court, former Bankruptcy Rule 802(a) and Bankruptcy Rule 8002(a) are identical.

der Bankruptcy Rule 8002(a), must be timely "filed."

The Sixth Circuit in *Keohane* recognized and discussed the fact that service of a motion to amend and filing of the motion are separate and distinct acts. This distinction is maintained and followed in *Cadiz*. While Rule 52(b) lends itself to the construction afforded it by the court in *Keohane* within the context of the thirty-day appeal period under Fed.R.App.P. 4(a)(1), it does not lend itself to that construction within the context of the ten-day appeal period required under Bankruptcy Rule 8002(a). It is impossible to construe Rule 52(b) within the confines of Bankruptcy Rule 8002(a) and (b) to accommodate *Keohane*. To give credence to *Keohane* within the context of Bankruptcy Rule 8002(a) and (b) produces an incongruous result: a Rule 52(b) motion to amend findings filed on the eleventh day after entry of the bankruptcy judge's final order or judgment serves to reinstate and toll the ten-day appeal time which expired the preceding day. To state it another way, an order which became final and unappealable due to the failure of a party to file a notice of appeal within the ten (10) days required by Bankruptcy Rule 8002(a) is magically restored to an appealable status. Such a construction renders meaningless the mandate of Bankruptcy Rule 8002(a) and (b), respectively, that a notice of appeal shall be "filed" within ten (10) days after entry of the order appealed from unless the appeal time is tolled by a "timely" motion "filed" under Rule 52(b). It also ignores the jurisdictional nature of Rule 8002(a) as established by the Sixth Circuit in *Cadiz*.

On February 12, 1993, the date Pioneer filed its Motion To Amend, there was no appeal time to toll: that time expired on February 11, 1993, ten (10) days after entry of the Order dismissing Pioneer's Complaint.[7] The February 1, 1993 Judgment dismissing Pioneer's Complaint was final and unappealable on February 12, 1993.

In the February 25, 1993 Order denying Pioneer's Motion To Amend as untimely, the court cited the Sixth Circuit case of *Torras Herreria v. M/V Timur Star*, 803 F.2d 215 (6th Cir.1986). This case, unusual on its facts, is nonetheless instructive. *Herreria* involved an appeal from a judgment entered by the district court on November 4, 1984, dismissing the plaintiff's action. The district court granted the plaintiff two successive extensions, through November 30, 1984, in which to file a motion under Rule 52(b) to amend or make additional findings.[8] Plaintiff's counsel mailed a Rule 52(b) motion to the district court on November 30, 1984. The court did not receive the motion until December 5, 1984, one day after the thirty-day appeal time had expired, and five days after expiration of the second extension. The district court denied the plaintiff's Rule 52(b) motion on December 17, 1984. The plaintiff filed its notice of appeal on January 11, 1985, within thirty days of the entry of the order denying the Rule 52(b) motion. The Sixth Circuit, finding that the plaintiff's Rule 52(b) motion filed December 5, 1984, was untimely, and thus did not toll the thirty-day appeal time, stated in material part:

Plaintiff filed its notice of appeal on January 11, 1985, clearly after expiration of the general 30-day time limit for filing

---

**7.** The Bankruptcy Rules provide for an extension of the ten-day period. Bankruptcy Rule 8002(c) provides:

**(c) EXTENSION OF TIME FOR APPEAL.** The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing

a notice of appeal may be granted upon a showing of excusable neglect....

Fed.R.Bankr.P. 8002(c). This provision does not merit discussion here as Pioneer did not move for an extension of the time for filing its notice of appeal either before or after expiration of the ten days.

**8.** The court did not find it necessary to reach the issue of whether the district court could properly grant these extensions. 803 F.2d at 216, n. 1. *See* Fed.R.Civ.P. 6(b), which provides, *inter alia,* that a district court may not extend the time for making a Rule 52(b) motion.

a notice of appeal, which runs from the date on which final judgment is entered (in this case, November 5, 1984). Fed. R.App.P. 4(a)(1). However, an exception to the general rule provides that a "timely" Rule 52(b) motion will delay the running of the time to file a notice of appeal until the order granting or denying the motion is entered. Fed.R.App.P. 4(a)(4). Since plaintiff filed its notice of appeal to this Court within 30 days of the district court's denial of its Rule 52(b) motion, the only issue is whether plaintiff's Rule 52(b) motion in the district court was "timely."

"Filing with the court" is defined as filing with the clerk of the court, or, if the judge permits, with the judge. Fed. R.Civ.P. 5(e). If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.

The record indicates that although plaintiff's counsel mailed the Rule 52(b) motion from New York on November 30, 1984, the district court did not receive the motion until December 5, 1984—five days too late. Thus, even assuming that the district court properly granted the extensions of time, the motion was not timely filed. Similarly, plaintiff's appeal to this Court was untimely, and we accordingly dismiss the appeal for lack of jurisdiction.

*Herreria*, 803 F.2d at 216 (citations omitted).

Thus, in construing Fed.R.App.P. 4(a)(1) and (4), from which Bankruptcy Rule 8002(a) and (b) are adapted, the Sixth Circuit held in *Herreria* that when it is the expiration of the time for appeal which is at issue, the Rule 52(b) motion, to be timely, must, as Fed.R.App.P. 4(a)(4) demands, be "filed" within the thirty-day appeal time. The fact that the Rule 52(b) motion to amend in *Herreria* was mailed, and thus

presumably "served," prior to expiration of the appeal period, was of no significance to the court.[9]

In sum, *Keohane* has application to those motions identified in Fed.R.App.P. 4(a)(4) which may be "made" or "served" and filed within the thirty-day appeal time required under Fed.R.App.P. 4(a)(1). It has no application to the extent Pioneer would have the court construe it to authorize the filing of one of the tolling motions identified in Bankruptcy Rule 8002(b), specifically, Rule 52(b), beyond the ten-day appeal time required under Bankruptcy Rule 8002(a). To toll the appeal time under Bankruptcy Rule 8002(a), a motion to amend findings under Rule 52(b) must, to be timely, be filed with the clerk prior to expiration of the ten-day appeal period. Thus, the requirement under Rule 52(b) that the motion to amend must be "made" within ten (10) days must yield to the dictates of Bankruptcy Rule 8002(b) that the motion, to toll the ten-day appeal time, must be timely "filed" within the ten-day appeal period fixed under Bankruptcy Rule 8002(a). Any other construction of Rule 52(b) makes no sense. Pioneer was accordingly required to file its Motion To Amend on or before February 11, 1993. Because it did not do so, the Motion To Amend was untimely.

For the reasons set forth herein, Pioneer's Motion To Vacate must be denied. An appropriate order will be entered.

---

9. Had former Rule 73(a), which provided for the tolling of the thirty-day appeal period upon a "timely" motion "made" under Rule 52(b), been in place when *Herreria* was decided, rather than Fed.R.App.P. 4(a)(4), *Keohane* might have commanded a different result, assuming the propriety of the district court's extensions of time for filing the Rule 52(b) motion to amend findings.