In re SUN–ISLAND REALTY, INC., Debtor.

Kenneth V. HEMMERLE, Sr., Appellant,

v.

Daniel L. BAKST, Trustee in Bankruptcy, Appellee.

93–6430–CIV, 90–26885–BKC–AJC.

United States District Court, S.D. Florida.

Oct. 14, 1994.

Kenneth V. Hemmerle, Sr., pro se.

Leslie Gern Cloyd, Ackerman, Bakst & Cloyd, P.A., West Palm Beach, FL, for appellee.

### ORDER AFFIRMING BANKRUPTCY COURT'S FINDING OF CIVIL CONTEMPT

ARONOVITZ, District Judge.

This is an appeal by Kenneth V. Hemmerle, Sr. ("Hemmerle") from two orders entered by Judge A. Jay Cristol of the United States Bankruptcy Court for the Southern District of Florida: (1) Order on Trustee's

Motion for Contempt and Sanctions for Debtor's Disobedience of Order Compelling Turnover of Assets, Motion for Contempt by Creditor Boston Pointe Corporation Against Kenneth V. Hemmerle, Sr., S.I.R. Investment & Development, Inc. and King of Clubs, Inc. for Violations of Court Orders Dated May 19, 1992 and June 30, 1992, Motion to Strike Trustee's Motion for Contempt, Motion of Kenneth V. Hemmerle, Sr. for the Appointment of an Examiner, and Demand of Kenneth V. Hemmerle, Sr. for Trial by Jury, entered on November 8, 1992 (hereinafter referred to as the "Contempt Order"); and (2) Order Directing Turnover of Funds, entered on April 9, 1993 (hereinafter referred to as the "Turnover Order").

The Court has considered the briefs on appeal, oral argument of counsel, the decisions of the bankruptcy court, the record on appeal and the applicable law, and is otherwise fully advised in the premises. For the following reasons and as set forth below, this Court AFFIRMS the aforementioned Contempt Order and Turnover Order of the bankruptcy court.

*Factual and Procedural Background*

This appeal concerns the finding of contempt by the bankruptcy court against Hemmerle of three separate orders of that court. The instant contempt proceedings were ancillary to the main adversary proceeding, which was initiated by Daniel L. Bakst, as the Trustee in Bankruptcy for the Debtor, Sun-Island Realty, Inc. against Hemmerle, S.I.R. Investment and Development, Inc. and King of Clubs, Inc. Hemmerle was a principal of the Debtor. The adversary complaint sought to set aside as fraudulent, the transfer of eight different parcels of real property from the Debtor to S.I.R. Investment and Development, Inc. and King of Clubs, Inc.

On May 18, 1992, the bankruptcy court entered default against the named defendants on the adversary complaint on the ground that the defendants, including Hem-

merle, had repeatedly failed to produce certain documents in discovery despite being previously warned that such failure may result in a default judgment. On May 19, 1992, a Final Judgment on the adversary complaint was entered against Hemmerle, S.I.R. Investment and Development, Inc. and King of Clubs, Inc. The Final Judgment set aside the Debtor's transfer of the aforementioned eight parcels of property as fraudulent under 11 U.S.C. § 544 and § 548 and transferred the titles to the properties to the Trustee as property of the estate. The Final Judgment also directed the defendants to provide an accounting to the Trustee of all rental income collected between September 1989 and May 19, 1992 from the eight parcels and to turn over said rental income to the Trustee.[1]

Hemmerle's noncompliance with the Final Judgment and two other orders of the bankruptcy court formed the basis of the instant contempt proceedings. The two other orders were: (1) a July 31, 1991 Order directing Hemmerle to turn over to the Trustee vehicles (and the keys and titles thereto) of the Debtor that was deemed to be property of the estate, and (2) a June 30, 1992 Order, enjoining Hemmerle, his attorney and the Debtor from taking any action whatsoever against any property of the estate. Specifically, on or about June 11, 1992, the Trustee moved to hold Hemmerle in civil contempt of the July 31, 1991 Order based on Hemmerle's failure to turn over any vehicles as directed. On or about September 8, 1992, a creditor of the Debtor, Boston Pointe Corporation ("Boston Pointe") moved to hold Hemmerle, S.I.R. Investment and Development, Inc. and King of Clubs, Inc. in civil contempt of the May 19, 1992 Final Judgment and June 30, 1992 Order based on Hemmerle's failure to turn over and serve an accounting of the rental income collected and his improper collection and retention of rent derived from property of the estate.

---

1. The defendants appealed the entry of default and the Final Judgment to the district court. The case was assigned to this Court as *Kenneth V. Hemmerle, Sr., S.I.R. Investment and Development, Inc. and King of Clubs, Inc. v. Daniel L. Bakst, Trustee,* Case No. 92–6935–CIV–ARONOVITZ (S.D.Fla.). After oral argument on the

merits of the appeal, this court affirmed the bankruptcy court's decision by Order dated October 27, 1993. The defendants' appeal of the district court's decision is presently pending before the United States Court of Appeal for the Eleventh Circuit.

The bankruptcy court held an evidentiary hearing on the motions for contempt on October 28, 1992. Hemmerle was present at and fully participated in that hearing. Thereafter on November 8, 1992, the bankruptcy court entered the Contempt Order, finding that Hemmerle had failed to turn over the vehicles and the keys and titles thereto as ordered, failed to provide an accounting of rents collected as ordered and improperly collected and retained rents which were the property of the estate. The court thus found Hemmerle to be in civil contempt of the July 31, 1991 Order, the May 19, 1992 Final Judgment and the June 30, 1992 Order. The Contempt Order directed that if Hemmerle does not purge himself of the contempt by noon on November 10, 1992, he would be fined in the amount of $250,000 and incarcerated until such time as he complies with the orders of the court.

The Contempt Order also provided that Hemmerle could purge himself of the contempt and the fine if by noon on November 10, 1992, he (a) deliver an accounting of all rental income collected by the defendants between September 1989 and November 1992, (b) turn over rental income to the Trustee, (c) turn over all vehicles and their titles, and (d) cease taking any action whatsoever against the property of the estate and the collection of rents therefrom. The Contempt Order also denied Hemmerle a trial by jury on the civil contempt charges.

Hemmerle did not purge himself of the civil contempt. Consequently, he was arrested pursuant to a warrant for arrest executed on December 4, 1992. The record shows that following the arrest, the bankruptcy court afforded Hemmerle additional time in which to comply with the Contempt Order on four separate occasions. On March 22, 1993, the court held another evidentiary hearing with regard to whether Hemmerle had purged himself of contempt. Hemmerle again was present at and fully participated in that hear-

ing. Thereafter on April 9, 1993, the bankruptcy court entered the Turnover Order, wherein it found that Hemmerle had not purged himself of contempt and that at least $49,000.00 in rental income remained unaccounted for. The court determined that incarceration of Hemmerle at that time would not be appropriate as it would not produce a turnover of the funds. Instead, it directed Hemmerle to turnover the sum of $49,000.00 to the Trustee forthwith.

On April 19, 1993, Hemmerle filed a Notice of Appeal wherein he appealed the November 8, 1992 Contempt Order and the April 9, 1993 Turnover Order. Hemmerle appears *pro se* in this appeal.

### Discussion

Hemmerle raises essentially four issues on appeal: (1) whether the bankruptcy court had jurisdiction to enter the default judgment and Final Judgment against Hemmerle on the adversary complaint; (2) whether the bankruptcy court erred in finding that Hemmerle was in contempt of the prior orders of the court; (3) whether the bankruptcy court erred in denying Hemmerle's request for a jury trial on the contempt charges; and (4) whether Boston Pointe had standing to file a motion for contempt against Hemmerle.

### A. APPELLATE JURISDICTION OF THE DISTRICT COURT

■ Before the Court discusses the merits of the issues on appeal, it will address a threshold issue relevant to any bankruptcy appeal, whether the notice of appeal was timely filed. This is a significant issue because the courts have uniformly held that if the notice of appeal was not timely filed, the district court does not have jurisdiction to hear the appeal.[2] Based upon a review of the record, the Court finds that Hemmerle's notice of appeal with regard to the Contempt Order was untimely filed under Rules 8002(a)

---

**2.** *See, e.g., Matter of Topco, Inc.,* 894 F.2d 727 (5th Cir.1990) (ten-day rule is jurisdictional and cannot be waived); *In re Abdallah,* 778 F.2d 75 (1st Cir.1985), *cert. denied,* 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986) (no jurisdiction where appellants failed to file timely notice of appeal); *In re Pioneer Investment Services Co.,*

153 B.R. 529 (Bankr.E.D.Tenn.1993) (10–day limit for filing appeal is jurisdictional); *Martin v. Bay State Milling Co.,* 151 B.R. 154 (N.D.Ill. 1993) (district court had no jurisdiction to hear appeal where appeal was filed more than 10 days).

and 9020(c) of the Federal Rules of Bankruptcy Procedure.

■ Generally, the time for filing notices of appeal in a bankruptcy proceeding is governed by Rule 8002(a). It provides, in relevant part, that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." If a party filed a timely motion to amend or make additional findings of fact under Rule 7052(b), to alter or amend the judgment under Rule 9023, or to obtain a new trial under Rule 9023, then the time for appeal for all parties runs from the entry of the order denying a new trial or granting or denying any other such motion. *See* Fed.R.Bankr.P. 8002(b).

■ The Contempt Order was entered by the bankruptcy court on November 10, 1992 for purposes of Rule 8002(a). None of the events enumerated in Rule 8002(b) are applicable to this case. Thus, Hemmerle's notice of appeal of the Contempt Order was due to be filed no later than ten days hence, or on or before November 20, 1992. The appeal notice, however, was filed on April 19, 1993, nearly five months past the deadline. Therefore, Hemmerle's appeal of the Contempt Order clearly was untimely filed under Rule 8002(a).

Hemmerle's challenge to the Contempt Order also was untimely under Rule 9020(c). Rule 9020(c) speaks specifically to contempt orders and paraphrased, provides that the entity found to be in contempt may obtain *de novo* review by the district court of the bankruptcy court's findings and conclusions of contempt by filing objections to the contempt order within ten days.[3] The record indicates that at no time prior to the filing of the

appeal notice did Hemmerle file objections to the Contempt Order as required by Rules 9020(c) and 9033(c). Having failed to comply with Rules 9020(c) and 9033(c), Hemmerle's current challenges to the Contempt Order are untimely.[4]

Based upon the foregoing, the Court concludes that the Notice of Appeal with respect to the Contempt Order was untimely filed. Consequently, this Court lacks the jurisdiction to entertain the merits of the appeal in that regard.[5]

### B. MERITS OF THE APPEAL

Notwithstanding this ruling, the Court finds that Hemmerle's arguments on the substantive issues on appeal are without merit.

#### 1. The Bankruptcy Court's Finding of Civil Contempt

■ The primary issue on appeal is whether the bankruptcy court erred in finding that Hemmerle should be held in civil contempt of prior court orders. A party seeking a civil contempt order must prove by clear and convincing evidence that another party has violated a court order. *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992); *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 253 (Bankr.S.D.Fla.1993). Based upon a review of an excerpt of the transcript of the October 28, 1992 evidentiary hearing[6] and other relevant portions of the record, the Court is satisfied that there was clear and convincing evidence that Hemmerle willfully violated the July 31, 1991, May 19, 1992 and June 30, 1992 orders of the bankruptcy court.

---

3. Rule 9020(c) specifically states, in pertinent part, that the contempt order:

shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.

Fed.R.Bankr.P. 9020(c).

4. Some courts have ruled that the failure to file timely objections to a contempt order pursuant

to Rules 9020(c) and 9033(c) constitutes a waiver of further judicial review of the contempt order. *See, e.g., In re Nantahala Village, Inc.,* 976 F.2d 876 (4th Cir.1992); *In re Sasson Jeans, Inc.,* 104 B.R. 600, 603 (S.D.N.Y.1989).

5. *See* footnote 2, *supra.*

6. A copy of the entire transcript of the October 28, 1992 evidentiary hearing was not included in the record on appeal nor was it designated to be included.

■ The evidence supported, by a clear and convincing standard, the finding that Hemmerle disobeyed the July 31, 1991 Order by willfully failing to deliver the titles and vehicles to the Trustee. The Trustee's testimony that he did not have the vehicles and titles was undisputed. The bankruptcy court found not credible Hemmerle's argument that he had complied with the order by dropping the vehicles off at a lot in Boca Raton. It likewise rejected Hemmerle's claim that he could not turn over the titles to the vehicles because he did not have possession of them. The court reasoned that in light of Hemmerle's testimony that all of the liens on the vehicles were paid in full, Hemmerle had an affirmative obligation to obtain the titles from the bank and turn them over to the Trustee.

■ There also was clear and convincing evidence that Hemmerle received and retained rental income in violation of the May 19, 1992 Final Judgment and June 30, 1992 Order. Two witnesses testified that they made rent payments directly to Hemmerle. Their testimony stands unrefuted. The evidence also established by a clear and convincing standard that Hemmerle failed to provide an accounting of rent collected on the real property that was the subject of the adversary complaint, in violation of the May 19, 1992 Final Judgment. The bankruptcy court rejected Hemmerle's excuse that he could not afford an accounting, opining that the accounting ordered could have been prepared by Hemmerle himself without the assistance of an accountant.

■ The bankruptcy court further observed the following:

... since the beginning of this case it [the court] has given Kenneth Hemmerle every opportunity to purge himself of these contempts and has attempted to give Mr. Hemmerle every latitude in accepting his explanations as to his failure to so comply. At this point, the Court is under the impression that there is no merit to Mr. Hemmerle's position and that he has acted in a way to flout the authority of this Court, to violate the laws of the United States and to hinder the Court and his creditors. The Court finds that Mr. Hem-

merle has attempted to use the Bankruptcy Code in an improper way to hold off his creditors while taking advantage of assets of the estate to which he has no entitlement.

*See* Contempt Order at ¶ 4(h). Based upon a review of the record, it is apparent to this Court that the bankruptcy court has been patient with Hemmerle but that Hemmerle has not in good faith attempted to comply with the orders of the court.

The bankruptcy court's patience is further demonstrated by the opportunity it afforded Hemmerle purge himself of the civil contempt within an additional two days from the date of the Contempt Order. Hemmerle failed to comply within these additional two days. Thereafter, the bankruptcy court extended *four times* the time in which Hemmerle could purge himself of the civil contempt. Finally on March 22, 1993, the bankruptcy court held another evidentiary hearing on the issue of contempt and concluded that four months after the entry of the Contempt Order, Hemmerle still had not purged himself of the civil contempt and still had not turn over at least $49,000.00 in rental income.

Having reviewed carefully the record, it is clear to this Court that throughout this litigation, the bankruptcy court has given Hemmerle the benefit of the doubt and has afforded Hemmerle every opportunity to comply with the orders of the court. The orders of the bankruptcy court were plain and set forth in a clear and unambiguous manner the conduct and compliance that was expected from Hemmerle. The evidence supported a finding that Hemmerle knowingly and willfully failed to comply with the clear mandates of the bankruptcy court. Accordingly, the Contempt Order and the Turnover Order should be affirmed.

2. *Right to a Jury Trial in Civil Contempt Proceedings*

■ Hemmerle contends that he was denied his constitutional right to a jury trial on the contempt charges. While there is a Sixth Amendment right to a jury trial in certain contempt cases, there is no such right in civil contempt cases. *See United States v. Rylander,* 714 F.2d 996, 998, 1004 (9th Cir.

1983), *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); *see also, Shillitani v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (absent an express statute, there is no right to a jury trial in civil contempt proceedings). Hemmerle argues that the imposition of a $250,000 fine and incarceration was so harsh a sanction so as to constitute a finding of criminal contempt. The Court does not agree.

The bankruptcy court's Contempt Order imposed a fine of $250,000 and incarceration until such time as Hemmerle complies. It also provided a "grace period" wherein Hemmerle could remove the civil contempt and not be subject to the fine or the incarceration by complying with the prior court orders within the stated time. This "grace period" was extended four times over the course of four months. Based thereon, the Court finds that the Contempt Order imposed punishment for civil contempt rather than criminal contempt since it clearly was intended to be coercive rather than punitive. *Rylander,* 714 F.2d at 1001 (distinction between criminal and civil contempt lies in the intended effect of the court's punishment). Therefore, Hemmerle did not have a right to a jury trial on the contempt charges.

Hemmerle erroneously relies on Bankruptcy Rule 9020(d) as the basis for his jury demand. Rule 9020(d), however, does not provide for a separate right to a jury trial. It simply states that "[n]othing in this rule shall be construed to impair the right to jury trial *whenever it otherwise exists.*" (emphasis added). No such right "otherwise exists" in this case.

### 3. *Miscellaneous Issues*

Hemmerle claims that the bankruptcy court lacked *in personam* and subject matter jurisdiction over the main adversary proceeding, upon which the contempt proceeding was based. The Court declines to address the merits of this issue as it was previously raised and adjudicated in Case No. 92–6935–CIV–ARONOVITZ and is currently pending before the Eleventh Circuit.

The Court also will not address on the merits Hemmerle's argument that Boston Pointe lacked standing to move for contempt against Hemmerle since the Trustee— a party who undisputedly has standing— joined in Boston Pointe's motion for contempt.

### *Conclusion*

Based upon the foregoing, the Court hereby AFFIRMS the bankruptcy court's Contempt Order dated November 8, 1992 and Turnover Order dated April 9, 1993. The evidence supports the finding that Hemmerle was in civil contempt of the three aforementioned orders and that the ultimate sanction of $47,000.00 as embodied in the Turnover Order was proper and appropriate.