INTERSTATE COMMERCE COMMISSION

v.

**Donald M. CARPENTER, doing business as Agra Enterprises, Appellant.**

No. 80–2590.

United States Court of Appeals, Third Circuit.

Submitted April 21, 1981.

Decided May 12, 1981.

John A. Pillar, Pillar & Mulroy, Pittsburgh, Pa., Dennis J. Clark (argued), Livingston, Miller, O'Malley & Clark, Pittsburgh, Pa., for appellant.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., Wayne R. Walters (argued), Trial Atty., Richard M. Brooks, Regional Counsel, I.C.C., Philadelphia, Pa., for appellee.

Before HUNTER, SLOVITER, Circuit Judges, and STAPLETON, District Judge.*

## OPINION OF THE COURT
## PER CURIAM:

On May 31, 1979, appellant, Donald M. Carpenter, an individual doing business as Agra Enterprises (Carpenter), and the Interstate Commerce Commission (ICC)· entered into a consent order which settled a suit brought by the ICC to enjoin and restrain Carpenter from engaging in for-hire transportation without ICC authorization. On November 15, 1979, Carpenter filed a petition to amend, alter and modify that consent order. Following briefing and argument by the parties, the district court denied Carpenter's petition by memorandum opinion and order dated June 19, 1980.

On June 30, 1980, Carpenter filed a motion for rehearing pursuant to Rule 59 of the Federal Rules of Civil Procedure, and mailed a copy to counsel for the ICC and to the United States Attorney for the Western District of Pennsylvania. The motion for rehearing included an affidavit by Carpenter setting forth the reasons for his alleged inability to comply with the consent order.

The ICC filed a response in opposition to the motion for rehearing, which argued that defendant's motion for rehearing was not served within the time requirements of Rule 59 and which also addressed and resisted the motion for rehearing on the merits. On September 18, 1980, the district court entered a memorandum and order denying the motion for rehearing "because of untimely filing as required by Federal Rule of Civil Procedure 59." Carpenter appeals from that order. We vacate and remand to the district court for consideration of the motion for rehearing.

Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." A motion for rehearing is encompassed within this rule, and is subject to the time requirement set forth there. *See Gainey v. Brotherhood of Railway and Steamship Clerks*, 303 F.2d 716, 718 (3d Cir. 1962). Computation of any period of time prescribed by the Federal Rules of Civil Procedure is governed by Rule 6. Both the ICC and Carpenter agree that under Rule 6 the ten day period imposed by Rule 59(e) must be computed as beginning on June 20, 1980, the day following entry of the district court's order, and ending at the close of June 30, 1980, because the tenth day, June 29, 1980, was a Sunday. There is no dispute that Carpenter filed his motion for rehearing on June 30, 1980. Thus the district court erred in holding the motion was untimely filed.

The district court also focused on the service requirement, stating that "[t]he defendant's motion must ... have been served on June 30th for the motion to have been timely." Again, both the ICC and Carpenter agree that June 30, 1980 was the last service date for the motion for rehearing. Rule 5(b) provides that service may be made by mailing to the attorney, and that, "Service by mail is complete upon mailing." Carpenter's motion for rehearing was accompanied by a certificate of service by

---

* Honorable Walter K. Stapleton, United States District Judge for the District of Delaware, sitting by designation.

counsel for Carpenter which stated that a copy of the motion was mailed on the same date, Monday, June 30, 1980, to counsel for the ICC and the United States Attorney for the Western District of Pennsylvania.

The ICC concedes that if the certificate of service attached to Carpenter's Motion for rehearing is accepted as proof of mailing on June 30, 1980, the record would reflect timely service of the motion. It argues, however, that Carpenter had the obligation to "seek to clarify the record in regard to when Carpenter's Motion for Rehearing was placed in the mail at Pittsburgh, Pa." (ICC brief at p. 12). The Rules impose no such obligation on a party when the record shows that it has followed the accepted procedure, and the ICC cites no authority to support imposing such an obligation on a movant under the circumstances presented here.

The only authority relied upon by the ICC, *Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir. 1970), is inapposite. In that case, the ten-day period for filing a motion for rehearing was extended by the operation of Rule 6 to November 12, 1968, because the tenth day was a Sunday and the 11th day was Veterans Day, a national holiday. Not only did the record fail to disclose when service was accomplished but the parties agreed that service was not accomplished on or before November 12, 1968. Unlike *Sonnenblick*, here the record clearly supports the certificate of service filed by Carpenter's counsel because the United States Attorney for the Western District of Pennsylvania, who acted as the ICC's service agent, admitted in documents filed in the district court that he received a copy of the motion on July 1, 1980, the day following the mailing of the motion. Thus, the ICC's challenge to the timeliness of the service of the motion for rehearing is without any legal or factual foundation, and has led to unnecessary appellate proceedings.

The ICC asks us to reach the merits of the district court's order of June 19, 1980, refusing to amend, alter or modify the consent order. In effect, the ICC asks us to assume that Carpenter's motion for rehearing would have been denied by the district court on the merits. We have no factual basis to make such an assumption. That motion was accompanied by an affidavit by Carpenter directed to the merits of his petition to amend, which Carpenter claims supplies the factual allegations which the district court had previously held were missing. We express no opinion on the merits. The record is clear that the district court never ruled on the merits of the motion for rehearing, and we believe the appropriate procedure is to give it an opportunity to do so in the first instance.

For the foregoing reasons, the order of the district court denying the motion for rehearing will be vacated, and this matter remanded for further proceedings.