

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-1998

# Fultz v. Dunn

Precedential or Non-Precedential:

Docket 97-7378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Fultz v. Dunn" (1998). *1998 Decisions.* Paper 281.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/281

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 21, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 97-7378 and 97-7503

KENNETH W. FULTZ

v.

JOHN S. DUNN, JR.; DENNIS L. FARLEY;
DEPARTMENT OF ENVIRONMENTAL RESOURCES,
COMMONWEALTH OF PENNSYLVANIA; JAMES M. SEIF

      John S. Dunn, Jr.;
      Dennis L. Farley,

      Appellants in No. 97-7378

KENNETH W. FULTZ

      Appellant in No. 97-7503

v.

JOHN S. DUNN, JR.; DENNIS FARLEY;
DEPARTMENT OF ENVIRONMENTAL RESOURCES,
COMMONWEALTH OF PENNSYLVANIA; JAMES M. SEIF

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 94-01914)

Argued November 19, 1998

BEFORE: GREENBERG, ALITO, and
GODBOLD,* Circuit Judges
_____

*Honorable John C. Godbold, Senior Judge of the United States Court of
Appeals for the Eleventh Circuit, sitting by designation.

(Filed: December 21, 1998)

       D. Michael Fisher
       Attorney General
       John G. Knorr, III (argued)
       Chief Deputy Attorney General
       Chief, Appellate Litigation
       Section
       Calvin R. Koons
       Senior Deputy Attorney General
       Gwendolyn T. Mosley
       Senior Deputy Attorney General
       15th Floor, Strawberry Square
       Harrisburg, PA 17120

        Attorneys for John S. Dunn and
        Dennis L. Farley

       Cletus P. Lyman (argued)
       Michael S. Fettner
       Lyman & Ash
       1612 Latimer Street
       Philadelphia, PA 19103

        Attorneys for Kenneth W. Fultz

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

Appellants John S. Dunn, Jr. and Dennis Farley, officers of the Pennsylvania Department of Conservation and Natural Resources, appeal from a final judgment entered on a jury verdict against them in favor of appellee Kenneth W. Fultz, a Department employee. Fultz asserted a First Amendment retaliation claim in this action under 42 U.S.C. S 1983, the alleged retaliation being in response to his conduct in having brought an action entitled Fultz v. Davis, D.C. Civ. No. 90-00779 ("Davis"), in the United States District Court for the Middle District of Pennsylvania. In

Davis, Fultz successfully challenged his dismissal in 1988 by the Department of Environmental Resources, the predecessor to the Department of Conservation and Natural Resources. As a matter of convenience, we refer to both Departments interchangeably as Department. In particular, in this case Fultz charged that upon his reemployment, as a result of Davis Dunn, the Department's Chief of Employee Relations and Training, deprived him of his seniority, thus causing him to lose a later promotion to a position as Park Operations Manager I. Fultz asserted that Dunn took this action on behalf of himself and Farley, the Director of the Department's Bureau of Personnel, and thus we do not differentiate between the appellants in this opinion. The appellants denied that Dunn acted to retaliate against Fultz, and at and after the trial unsuccessfully sought a judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b).

On this appeal the appellants assert that they are entitled to a judgment as a matter of law, or, alternatively, to a new trial pursuant to Fed. R. Civ. P. 59. Inasmuch as Dunn reemployed Fultz in accordance with a civil service rule which afforded him no discretion to make a decision that would have preserved Fultz's seniority, we hold that, as a matter of law, Dunn, and thus Farley, did not retaliate against Fultz. Consequently, we will reverse the judgment of the district court as well as all orders and judgments granting Fultz monetary damages or equitable relief and will remand the case to the district court to vacate all such orders and judgments. Moreover, the district court on the remand should enter a judgment as a matter of law in favor of Dunn and Farley. Our disposition of the appeal makes it unnecessary for us to consider the appellants' request for a new trial.

Fultz appeals from orders which stayed execution on the judgment without requiring the appellants to post a supersedeas bond, and which deferred an award of attorney's fees pending disposition of the appellants' appeal. We have consolidated the two appeals. In view of our disposition of the appellants' appeal, we will dismiss Fultz's appeal, which clearly is moot as he no longer has a judgment in his favor and cannot recover attorney's fees

3

under 42 U.S.C. S 1988, as he is not a prevailing party. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 21, 115 S.Ct. 386, 389 (1994).

II. BACKGROUND

A. Factual History

In 1988, the Department fired Fultz from his position as a state park manager after 24 years of employment, in part for running a boat storage business without the Department's knowledge. In various fora, Fultz argued that the Department fired him without procedural due process and, in 1990, he filed the Davis action in the district court against the Department and two of its officials, other than Dunn or Farley, challenging his termination. In Davis, the district court granted the defendants summary judgment, but on appeal on July 15, 1991, we reversed, as we held that Fultz had not received the pre-termination hearing required by Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985). Thus, we ordered the defendants to reinstate Fultz to his position. We further provided that the district court could consider additional relief on remand. Significantly, however, we permitted the Department to refile charges against Fultz on the basis of a constitutionally adequate hearing. See Fultz v. Davis, Nos. 90-6039 and 91-5058, slip op. at 14 (3d Cir. July 15, 1991). Thus, our opinion was a procedural victory for Fultz but in no way exonerated him from the Department's misconduct allegations against him.

On May 29, 1992, Fultz and the Department reached a settlement agreement before trial on the remand in Davis. The agreement stated that Fultz acknowledged his error in engaging in the boat storage business and that he regretted his activity. On the other hand, the Department agreed not to re-file charges against him and, as particularly germane here, the Department agreed to "re-employ Fultz in the capacity of Park Superintendent IV with re-employment to commence June 15, 1992," "to provide [Fultz] with 40 days annual leave and 135 days of sick leave," and to pay $75,000 to Fultz "in settlement of his claims." The agreement further provided that the defendants would

4

"purge [Fultz's personnel] file with respect to matters investigated or charged in 1988." Significantly, the agreement did not mention seniority.

Dunn, who was not a party in Davis, was responsible for implementing the settlement agreement. The Department reemployed Fultz in the Bureau of State Parks in Harrisburg at an appropriate rank and pay level. To comply with the settlement agreement provision requiring the purging of Fultz's personnel file, Dunn deleted the word "terminated" from Fultz's computer personnel record and substituted the benign term "voluntary resignation" to describe the break in Fultz's work history from 1988–1992. It is undisputed that upon his reemployment the Department did not credit him with seniority for his employment prior to his 1988 termination, or for 1988–1992. In effect, the Department treated Fultz as a newly hired employee with seniority accruing from the date it rehired him in 1992.

In November 1992, Fultz applied for a promotion to either of two Department positions at higher levels in rank and with higher salaries than his position at that time. When the Department awarded the positions to other applicants, Fultz learned that he had not recaptured his seniority upon his reemployment, and had been viewed as an employee with five months rather than 24 years of seniority. Fultz attributes his failure to obtain a position as Park Manager I to his loss of seniority for his service prior to his 1988 termination.

B. Procedural History

On November 22, 1994, Fultz filed this suit against the appellants, advancing two arguments: (1) Dunn had miscalculated his seniority to retaliate against him for having successfully brought the 1990 Davis action, and (2) he otherwise would have received one of the promotions. We focus on the first argument because our disposition of it is determinative of this appeal. The court submitted the case to the jury on written interrogatories. Thefirst question was "Do you find that [Fultz's] exercise of the First Amendment rights was a substantial or motivating factor in Defendant Dunn's calculation of his seniority?" The court

5

told the jury that if it answered that question "No" it was to return to the courtroom, thus recognizing that unless Fultz was successful on that question he would lose the case. On this appeal, Fultz does not contend that the court was wrong on this point.

The jury, however, answered "Yes" and went on to answer the remaining interrogatories in Fultz's favor and to award him substantial damages. In addition, the court granted Fultz equitable relief which, in view of our disposition, we need not describe at length. On January 16, 1997, the district court denied the appellants' motions for a judgment as a matter of law or for a new trial, finding the motions untimely filed, but stating that there was sufficient evidence in the record to support the jury's verdict. In a subsequent opinion, however, the court acknowledged that the post-trial motion leading to the January 16, 1997 order was timely and Fultz does not contend that the appellants have not preserved the right to contend on this appeal that they were entitled to a judgment as a matter of law.

III. DISCUSSION

Our standard of review on this appeal is well established. We exercise plenary review and will overturn a jury verdict "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993).

Because Fultz alleges that his conduct in having brought the Davis case led the appellants to retaliate against him by wrongly calculating his seniority, the case is governed by the three-prong analysis enunciated by the Supreme Court in Mount Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977). A public employee alleging an adverse employment action because he engaged in protected First Amendment activity must show that (1) he engaged in protected activity, and (2) the protected activity was a substantial or motivating factor for the adverse action. See Swineford v. Snyder County, 15 F.3d 1258, 1270 (3d Cir. 1994) (applying Mt. Healthy test). If the

6

plaintiff satisfies the first two prongs, the defendant can escape liability by showing that (3) he would have taken the same action absent the protected activity. See Pro v. Donatucci, 81 F.3d 1283, 1287-88 (3d Cir. 1996).

Fultz argues that the protected activity was the successful 1990 Davis suit, and that the adverse action was the miscalculation of seniority.[1] While the appellants acknowledge that Fultz's Davis action was protected First Amendment activity, they counter that no reasonable jury could have found that Dunn calculated Fultz's seniority to retaliate against him for having brought that case, because civil service rules governed Dunn's calculation, and because Fultz did not bargain for recapture of his seniority in the settlement agreement.[2] Thus, the appellants contend that Fultz did not show that the protected activity was a substantial or motivating factor in Dunn's conduct, and that in any case, they demonstrated that the seniority determination would have been the same absent Fultz's protected activity.[3]

Inasmuch as appellants acknowledge that Fultz's Davis suit was protected First Amendment activity, the issue on this appeal is whether that activity was a substantial or motivating factor in Dunn's calculation of seniority. The district court in a post-trial opinion denying appellants a judgment as a matter of law determined that "the record contains sufficient evidence from which the jury could

_____

1. The jury was instructed that the calculation of seniority, and not the Department's denying Fultz a promotion, was the adverse action. Fultz argued at trial and in his briefs that the loss of promotion stemmed from the calculation of seniority, but in view of our result we need not describe at length the basis for that argument.

2. It is not clear that Dunn actually made a notation that Fultz did not have seniority for his employment prior to his 1988 termination. The seniority had been eliminated under the applicable civil service rule prior
to 1992 and it simply was not restored at that time. Nevertheless, we sometimes will refer to Dunn as having determined Fultz's seniority.

3. Of course, it is difficult to understand how the third Mt. Healthy v. Doyle prong could be implicated in this case, for, if Fultz had not engaged in the protected activity by filing the Davis case, there is no reason to believe that the Department would have reemployed him and thus have had a reason to make decisions affecting his seniority.

7

conclude that the decision as to how to calculate [Fultz'] seniority was within . . . Dunn's discretion." We disagree. Fultz did not show that Dunn had meaningful discretion to act other than he did in determining that Fultz did not recapture his seniority upon his reemployment. Moreover, Fultz did not bargain for recognition of seniority based on his terminated employment in the settlement agreement. Rather, he agreed to be reemployed commencing June 15, 1992. Of course, he had good reason to accept reemployment as of that date rather than to insist on being reinstated retroactively as of 1988 when he was terminated. After all, he acknowledged his error in engaging in the boat storage business, but the Department nevertheless agreed not to refile the charges against him which our opinion in Davis permitted it to do. We also point out that the parties cannot repeat the original settlement negotiations, so we have no way of knowing whether he could have negotiated successfully to recapture his seniority.

Fultz's seniority was governed by 4 Pa. Code S 101.714 which provides as follows:

> (a) Seniority as used in this part shall be continuous service unless broken by one or more of the following: resignation; retirement; failure to report after notification of appointment through mandatory, preferred or optional reemployment rights; expiration of mandatory, preferred or optional reemployment rights; or failure to report after leave and acceptance of other permanent employment while on leave of absence without pay. If service is broken for one of these reasons, the employe[e] shall lose accrued seniority. If an employe[e] is returned within 1 year after this type of break in service, the employe[e] is entitled to credit for seniority purposes the time accrued up to the time the break in service occurred, but is not entitled to credit for the time represented by the break in service.

---

4. The briefs submitted by both sides in this case treated this regulation as the one that governed this case. However, near the end of the oral argument, counsel for Fultz suggested for the first time that this regulation was not in effect at the relevant time. Based on his brief, we refuse to entertain that argument.

        (b) Periods of furlough and approved leave of absence
        without pay shall be deemed continuous employment
        for seniority purposes, except that the period of
        furlough or leave of absence without pay will not be
        counted toward seniority.

        (c) Removal for cause shall terminate accrued
        seniority. Demotion for cause shall terminate seniority
        in the class from which demoted.

Under this rule, Fultz did not have seniority when the Department reemployed him based on his service prior to his 1988 removal because his service was not "continuous." While the rule provides for recapture of seniority if service is broken for one of the enumerated reasons, this recapture is possible only if the "employe[e] is returned within 1 year after this type of break in service." Here, of course, the break in service far exceeded one year. Thus, even if Dunn had treated Fultz's termination as a "resignation" or a "retirement" Fultz could not have overcome the one-year obstacle so as to obtain seniority for his service prior to his reemployment. Therefore, we have a situation which, as we recently noted in Larsen v. Senate of the Commonwealth of Pennsylvania, 154 F.3d 82, 95 (3d Cir. 1998), could arise in a First Amendment retaliation case:

        In some circumstances, the legitimate basis for the
        actions might be so apparent that the plaintiff 's
        allegations of retaliatory motive could not alter the
        conclusion that under the circumstances . . . the
        defendants would have been compelled to reach the
        same decision even without regard for the protected
        First Amendment activity.

Thus, the protected activity was not a substantial or motivating factor in Dunn's conduct with respect to Fultz's seniority and the appellants are entitled to a judgment as a matter of law.

In reaching our result, we reiterate that we recognize that when the Department reemployed Fultz, Dunn removed the word "terminated" from his personnel record in the Department's computer system, as directed by the settlement agreement, and entered "voluntary resignation." Fultz characterizes the change as "falsely" entered and

9

retaliatory. Dunn's action was literally "false" in that Fultz did not voluntarily resign in 1988 but had been terminated improperly. Yet the evidence showed that inasmuch as Dunn was directed by the settlement agreement to delete "terminated," another term had to be entered, and none of the available terms characterized what had occurred more accurately.

In any event, Fultz could not rebut Dunn's testimony that the result -- loss of seniority -- would have been the same regardless of what term he used. Dunn testified that he selected the term "voluntary resignation" from a set of terms or "transaction codes" used at that time by the Department to describe various changes in employment status, such as transfers or leaves. While he had discretion in labeling the four-year break in service as a "voluntary resignation," versus such other plausible, available terms as "involuntary resignation" or even "retirement," he testified that his choice of label was in any case immaterial because, whatever the label -- "voluntary resignation" or "involuntary resignation" or "wrongly terminated and now reinstated" -- under the civil service rules Fultz would have lost his seniority.

As we have indicated, our reading of the civil service rules convinces us that Dunn was correct. The applicable civil service rule states that seniority is lost whenever there is a break in an employee's service of more than one year, 4 Pa. Code S 101.71 (a), whether the break is due to "retirement," "termination" or "resignation," and other circumstances. Id. The only express exceptions are for employees who are furloughed or on "leave without pay," terms which certainly did not describe the circumstances here. Id., at (a), (b).5 Thus, in his brief Fultz completely misstates what happened when the Department reemployed him in 1992, as he indicates that "Mr. Dunn wiped out over 24-years of service, by falsely entering Mr. Fultz's 1988 termination as a `voluntary resignation.' " Br. at 11. In fact,

_____

5. Dunn testified that he did not use the term "leave without pay" to characterize the four-year break because he understood that Fultz had withdrawn funds from the state retirement fund between 1988 and 1992 and could not or did not wish to repay them.

it was the circumstance that Fultz's service was not continuous as required by the applicable civil service rule which "wiped out" his seniority.

We find it highly significant that if Dunn had circumvented the Department's transaction codes and more accurately indicated that Fultz had been "wrongfully terminated and was now reemployed" Fultz nevertheless would not have recaptured the pre-1988 service for seniority purposes, because his service would not have been continuous and the break in service still would not have been attributable to a circumstance under the civil service rules allowing seniority recapture. It is thus clear that Fultz reasonably cannot charge that Dunn wrongfully deprived him of seniority.

Moreover, if Dunn attempted to invent a term to recapture Fultz's seniority for his service prior to the 1988 termination, he would have been giving Fultz more than he bargained for when he came to an agreement with the Department settling the Davis action. The settlement agreement did not mention seniority, so when Fultz was returned to work, Dunn had no directive to give Fultz more than he had bargained for or to which he was entitled as, in effect, a new employee.6 The plain fact is that Fultz is misusing this First Amendment retaliation case as a vehicle to enhance his settlement.

The only evidence Fultz presented to show that Dunn retaliated against him by "incorrectly" reinstating him without accrued seniority was his own belief that under the settlement agreement he would be reinstated with accrued seniority, and his conversation with John Wilk, Executive Director of the Civil Service Commission, when he did not

_____

6. The district court's order of September 24, 1996, to remedy Fultz's failure to receive a promotion directed the appellants to enter into Fultz's
personnel record the term, "[w]rongful termination and reemployment with no break in service," a term that did not exist as a transaction code option at the time Dunn made the entry (and does not exist today) and which would have had to have been invented by him for the express purpose of preserving seniority. This order was an unjustified amendment of the settlement agreement to give Fultz seniority to which he was not entitled.

11

receive a promotion. Fultz asserts that Wilk had told him that "the department had the right to interpret[the seniority rule] however they wanted." But that vague evidence cannot be permitted to overcome the unambiguous rule provisions so as to permit a conclusion that Dunn could have circumvented the rule. The rule is clear and leaves no room for "interpretation." Moreover, there was no evidence to show that Fultz had been promised the opportunity to return to work with his seniority preserved. Finally, we point out that inasmuch as Fultz apparently recognized that there was a seniority question when the 1990 case was settled, he should have clarified that point at that time. If he had done so, this case could have been avoided.

In sum, it is perfectly clear that Fultz has not shown that Dunn would have -- or could have -- done other than view the four-year interruption as a break in service leading to the elimination of accrued seniority, given that Fultz did not bargain for anything else. We find that Fultz failed to provide sufficient evidence to show that his protected activity was a substantial or motivating factor for the seniority decision. Thus, Fultz's evidence as to retaliatory conduct was insufficient to support the verdict and the appellants are entitled to a judgment as a matter of law.

IV. CONCLUSION

For the foregoing reasons, in the appellants' appeal, No. 97-7378, we will reverse the judgment and orders in favor of Fultz granting him damages and equitable relief, and will remand the case to the district court to enter a judgment as a matter of law in favor of appellants Dunn and Farley. We will dismiss Fultz's appeal in No. 97-7503 as moot.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

12