

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2003

# S&S Ser Corp v. Rogers

Precedential or Non-Precedential: Non-Precedential

Docket 02-1458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"S&S Ser Corp v. Rogers" (2003). *2003 Decisions*. Paper 858.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/858

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————

NO. 02-1458
————

S&S SERVICES CORPORATION,
                              Appellant

v.

LAURENCETEEN ROGERS
a/k/a
LAURENCETEEN ROGERS CHAPMAN
————

On Appeal from the District Court
of the Virgin Islands
(District Court Civil No. 91-cv-00207)
District Judge:  Honorable Thomas K. Moore
————

Argued November 14, 2002

Before:  SCIRICA, ALITO, and RENDELL, <u>Circuit Judges</u>

(Filed: January 27, 2003)

Robert L. King, Esq.     [ARGUED]
Law Offices of Robert L. King
Windward Passage Hotel
P. O. Box 9768, Veterans Drive
Charlotte Amalie, St. Thomas
USVI   00801
*Counsel for Appellant*


Jacqueline A. Drew, Esq.     [ARGUED]

Law Offices of Jacqueline A. Drew
P. O. Box 303155
Charlotte Amalie, St. Thomas
USVI   00801
*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

S&S Services, Inc. appeals from an order entered in the District Court on January 23, 2002, denying its motions for a new trial and for judgment as a matter of law following a jury trial in August of 2001.  We will affirm.

As we write solely for the parties, we will repeat the facts only very briefly.  In early 1991, S&S principal Siewdath Sookram agreed to sell to Laurenceteen Rogers a parcel of land that S&S was developing in St. Thomas.  A written contract was executed, and Rogers made a down payment for the property in the amount of $100,000, but soon thereafter a dispute broke out between the parties.  In July of 1991, S&S filed suit against Rogers essentially claiming that she had taken wrongful possession of the parcel, and Rogers, in turn, filed a number of counterclaims relating to alleged defects in S&S's construction on the property.

The case proceeded to trial ten years later, and in August of 2001 a Virgin Islands jury found that Rogers was not liable to S&S but that S&S had breached its contract with Rogers, and ultimately returned a verdict in Rogers's favor in the amount of $200,000.  On

2

September 12, 2001, S&S filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), with regard to both its claims and Rogers's counterclaims, as well as an alternative motion seeking a new trial pursuant to Fed. R. Civ. P. 59. In January of 2002, the District Court denied those motions, holding that they were both untimely filed and moreover that the Rule 50(b) motion was waived because S&S had not provided any evidence that it had previously made a motion pursuant to Fed. R. Civ. P. 50(a). This timely appeal followed.

S&S presents three issues on appeal: (1) whether the District Court erred in dismissing S&S's post-trial motions as untimely and waived; (2) whether it is entitled to judgment as a matter of law under Rule 50; and (3) if it is not entitled to judgment as a matter of law, whether it is entitled to a new trial pursuant to Rule 59.[1] We have jurisdiction under 28 U.S.C. § 1291.[2]

---

[1] S&S also argues that the District Court should have granted its motion for summary judgment on certain of Rogers's counterclaims. Because the case proceeded to trial, however, our review is relevantly limited to the District Court's denial of S&S's Rule 50 motion. See Hopp v. City of Pittsburgh, 194 F.3d 434, 439 n.3 (3d Cir. 1999); see also, e.g., Baughman v. Cooper-Jarrett, Inc., 530 F.2d 529, 532-33 (3d Cir. 1976) (holding that a motion denying summary judgment will not be reviewed on appeal from a jury verdict where sufficient evidence supports the jury's verdict), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure § 3914.28 ("If an erroneous denial of summary judgment is followed by trial . . . the denial should not be reversed if sufficient evidence was introduced at trial.").

[2] Neither party addresses the jurisdiction of the trial court. In its decision dated January 14, 1999, the District Court suggested that it was exercising federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332. We note, however, that there is no conclusive indication in the record that these parties are in fact diverse. Nevertheless, it appears that the District Court had original jurisdiction over this action as essentially a territorial court of the

We note initially that the District Court was mistaken in refusing to reach the merits of S&S's post-trial motions because it viewed them as untimely. Even Rogers concedes that S&S's motions were in fact timely filed. The District Court's order of judgment was filed August 31, 2001. Pursuant to Fed. R. Civ. P. 6(a), S&S had until September 17, 2001 to file its post-judgment motions, and timely filed them on September 12, 2001.[3] The District Court's determination that S&S's Rule 50(b) motion was waived was similarly in error, as S&S in fact properly made a Rule 50(a) motion both in favor of its claims and against Rogers's counterclaims.[4]

Notwithstanding the District Court's procedural errors, the record before us is such that we can address the merits and we see no reason to disturb the jury's verdict. We consider first S&S's claim for judgment as a matter of law under Rule 50(b), over which our review is plenary. See, e.g., Warren v. Reading School District, 278 F.3d 163, 168 (3d Cir. 2002); Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 249 (3d Cir.

---

Virgin Islands, because the suit was filed in June of 1991, before the October 1, 1991, amendment to the Virgin Islands Code that divested the court of that jurisdiction. See 4 V.I. Code Ann. § 76; Newfound Mgt. Corp. v. Lewis, 131 F.3d 108, 119 n.9 (3d Cir. 1997) (stating that the District Court of the Virgin Islands generally retains original jurisdiction over actions filed before October 1, 1991).

[3] Had the District Court been correct that S&S's motions were not timely filed, we would have been without jurisdiction. See Fed. R. Civ. P. 4 (requiring the filing of a Notice of Appeal within thirty days of the entry of judgment, but tolling requirement for the timely filing of certain post-judgment motions).

[4] S&S apparently did, however, waive its argument with regard to Rogers's generalized breach of contract counterclaim seeking general damages – including, as S&S conceded, the $100,000 Rogers paid as a down payment on the parcel.

4

2001).  Accordingly, we apply the same standard as the District Court, examining whether when "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."  Warren, 278 F.3d at 168 (quoting Fultz v. Dunn, 165 F.3d 215, 218 (3d Cir. 1998)).  Reversal is only appropriate where "the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief."  Trabal, 269 F.3d at 249 (quoting Powell v. J.T. Posey Co., 766 F.2d 131, 133-34 (3d Cir. 1985); see also Hopp v. City of Pittsburgh, 194 F.3d 434, 439 (3d Cir. 1999) (same).  Because sufficiency of the evidence is a purely legal question and our review, accordingly, is de novo, it is appropriate to reach the merits even though we are without the benefit of a district court opinion.

S&S argues that there was insufficient evidence to support either the jury's verdict against S&S on their claim of intentional deprivation or the jury's verdict in favor of Rogers on her breach of contract counterclaim.  We do not agree.  With regard to S&S's claim, the evidence introduced at trial could support the conclusion that Rogers's actions, while certainly self-interested, did not constitute an *intentional deprivation* of S&S's property interest under Restatement (Second) of Torts § 871.  We reach a similar conclusion with regard to the jury's verdict in favor of Rogers on her counterclaim.  The actual existence of a contract was well supported by the evidence presented at trial, and, viewing the evidence in the light most favorable to Rogers, the jury could reasonably have found that S&S's inadequate performance was in breach of that contract.  Finally, there was

5

sufficient evidence to support the jury's finding of damages; S&S essentially admitted that it was obligated to return Rogers's substantial down payment, and at trial Rogers introduced evidence as to expenses incurred and lost earnings.

We are also unpersuaded by S&S's arguments that a new trial is warranted.[5] S&S alleges three separate trial errors. First, it argues that the District Court erred in taking judicial notice of Rogers's equitable interest in the property. We can find no error; it is hornbook law that a valid, enforceable contract for the purchase of land does in fact give the purchaser an equitable interest. See, e.g., 4 Richard R. Powell, Powell on Real Property § 37-137[1][d] (1997) (stating that the purchaser is "recognized as holding equitable (as contrasted to legal) title to the property"). Second, S&S complains that the jury instructions were critically defective in failing to instruct the jury adequately with regard to certain stipulated, judicially noticed, and otherwise settled facts. Taken as a whole, however, it is clear that the jury instructions "properly apprised the jury of the issues and the applicable law." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 115 (3d Cir. 1999) (quoting Dressler v. Busch Entertainment Corp., 143 F.3d 778, 780 (3d Cir. 1998). Finally, S&S argues that the District Court erred in responding to certain questions posed

---

[5] Typically we would not reach the merits of a Rule 59 motion where the District Court has not previously considered them. See Interstate Commerce Comm'n v. Carpenter, 648 F.2d 919, 921 (3d Cir. 1981) (per curiam); see also Olefins Trading, Inc. v. Han Yang Chem Corp., 9 F.3d 282, 290 (3d Cir. 1993); United States v. Contents of Accounts Nos. 3034504504 and 144-07143 at Merrill, Lynch, Pierce, Fenner and Smith, Inc., 971 F.2d 974, 988 (3d Cir. 1992). We do so here only because S&S's claims are wholly without legal merit.

by the jury during deliberation.  We conclude that any error was harmless as a matter of law.  Although S&S asserts that the District Court's response to the jury "had a direct bearing on the critical fact issue of whether S&S Services, Inc. had sufficiently mitigated damages," that issue was wholly irrelevant – the jury determined that S&S was simply not entitled to relief and thus never reached the question of S&S's damages.

Accordingly, the orders of the District Court will be AFFIRMED.

_____

TO THE CLERK OF COURT:

      Please file the foregoing Not Precedential Opinion.



                     /s/ Marjorie O. Rendell

                    Circuit Judge