**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2712
_____

DANIEL DELKER,
                              Appellant

v.

C/O BLAKER; C/O CHARLES PLUCK;
C/O "ROCKY" KING; MAJOR GRAINEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:09-cv-00710)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2012

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2012 )
_____

OPINION
_____

PER CURIAM

        Daniel Delker, an inmate of the Commonwealth of Pennsylvania, appeals pro se

the District Court's adverse judgment in his civil-rights suit.  We will affirm.

        Because we write primarily for the parties, we will only briefly recite the facts of

the case, which were set out at length in the relevant District Court opinions.[1] In his second amended complaint and with the assistance of counsel, Delker alleged pursuant to 42 U.S.C. § 1983 that the defendants—employees of the Pennsylvania Department of Corrections—violated his Eighth Amendment rights during an inter-prison transfer in June 2008. Specifically, Delker claimed that he was unjustifiably beaten, that the non-participating defendants failed to intervene during the beating, and that two defendants had entered into a conspiracy to bring about the incident. The District Court granted, in part, the defendants' motions for summary judgment, eliminating the failure-to-intervene claims (which eliminated all claims against defendant Pluck) and the conspiracy claim against defendant King, but allowing all other allegations to stand. After significant pretrial motions practice, a three-day trial was held in April 2012; the jury ultimately found in favor of the defendants on all counts. Delker timely appealed the District Court's order of judgment.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is complicated, however, by Delker's opening brief, which does not clearly state the issues he wants to preserve for review. We have repeatedly emphasized that, when addressing the claims of a pro se litigant, we have a special obligation to construe his submissions liberally. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). That an appellant's filings are difficult to understand does not relieve us or opposing counsel of the duty to discern what he wishes to challenge. Id. We are aware, too, of the

---

[1] See generally Delker v. Blaker, No. 09–710, 2011 WL 3667285 (W.D. Pa. Aug. 22, 2011); Delker v. Blaker, No. 09-710, 2011 WL 2601962 (W.D. Pa. June 30, 2011).

2

appellant's extraordinary term of solitary confinement, see Delker v. McCullough, 103 F. App'x 694, 695 (3d Cir. 2004), which likely impedes his ability to access prison resources (about which he complains in his submissions) and has probably affected his style of communication. But on a lengthy record such as this, with numerous evidentiary rulings and trial considerations, it is incumbent on the appellant to direct our attention to matters he would have us address; otherwise, he runs the risk of waiver. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

Delker appears to raise two issues in his opening submission: first, that the attorneys who represented him below were unprepared and rendered ineffective assistance; second, that the bus used to transport him between prisons was not introduced at trial as evidence. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial . . . [;] [i]f a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006). The Sixth Amendment right to effective assistance of counsel does not apply in civil proceedings. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Therefore, the alleged failures of Delker's attorneys do not provide a basis for disturbing the judgment of the District Court. Also, given the extensive evidence about the bus and the situation surrounding the alleged assault introduced before the District Court, we cannot see how inspection of the bus itself, assuming logistical feasibility, would have altered the jury's verdict. Cf. Fultz

3

v. Dunn, 165 F.3d 215, 218 (3d Cir. 1998). We have also undertaken a plenary review of the orders granting partial summary judgment, see Nat'l State Bank v. Fed. Reserve Bank, 979 F.2d 1579, 1580 (3d Cir. 1992), and detect no errors therein compelling reversal. See also Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008); Harper v. Albert, 400 F.3d 1052, 1063 (7th Cir. 2005); Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2002).

For the foregoing reasons, the judgment of the District Court will be affirmed. To the extent that Delker's September 20, 2012 filing in support of his appeal can be construed as a request for the appointment of counsel, it is denied.